JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE HVI CAT CANYON, INC., <br> Debtor. | CV 21-8390 DSF <br> Bk. Ct. No. 9:19-bk-11573 MB <br><br> OPINION |

  Appellant GIT, Inc. appeals the Bankruptcy Court's order granting $275,000 in fees and expenses to the Chapter 7 Trustee, Appellee Brad D. Krasnoff, as a contempt sanction for a failure to comply with a Bankruptcy Court discovery order. GIT does not appeal the finding of contempt itself; it appeals only the amount of sanctions and the Bankruptcy Court's authority to impose sanctions under its inherent authority without an explicit finding of bad faith or willful misconduct.

  "The sanctions imposed as a result of a contempt finding are reviewed to determine whether the [lower] court abused its discretion." Whittaker Corp. v. Execuair Corp., 953 F.2d 510, 515 (9th Cir. 1992). Review for abuse of discretion is a two-step inquiry. First, the appellate court conducts a de novo review of whether the lower court identified the correct legal rule to apply. If it did, the lower court's decision will be upheld unless application of the legal standard was illogical, implausible, or without support in inferences that may be drawn from the facts in the record. See United States v. Hinkson, 585 F.3d 1247, 1261-63 (9th Cir. 2009) (en banc). Underlying factual

findings are reviewed for clear error. In re Dyer, 322 F.3d 1178, 1191 (9th Cir. 2003).

GIT's arguments with respect to the lodestar analysis are meritless. The Bankruptcy Court had already approved the Trustee's counsel's hourly rates earlier in the bankruptcy proceedings and, absent some argument from GIT, was under no obligation to revisit that finding. Whether or not the Trustee made explicit arguments regarding the reasonableness of all of his fees and expenses, (1) the Trustee provided itemized fee and expense statements but GIT failed to challenge any of the specific items on those statements, and (2) the Bankruptcy Court, in any event, did scrutinize the requested fees and expenses and cut them slightly for lack of reasonableness.

GIT's argument that the Bankruptcy Court had to make a finding of bad faith is based on the incorrect premise that sanctions were imposed under the Bankruptcy Court's inherent powers. The Bankruptcy Court directly invoked its statutory authority under 11 U.S.C. § 105 for the imposition of sanctions. See EOR 337 (Vol. 3), EOR 428 (Vol. 4).

GIT also contends that the Bankruptcy Court compensated the Trustee for fees and expenses that were not related to the contempt or necessary for resolving the contempt. GIT made these arguments before the Bankruptcy Court and the Bankruptcy Court considered them in detail. The Bankruptcy Court rejected GIT's position and explicitly found, as a factual matter, that the fees and expenses incurred were incurred due to the contempt. See EOR 424-27, 431-36 (Vol. 4). GIT has made no showing that those factual findings were clearly erroneous. It instead repeats the arguments made before the Bankruptcy Court and encourages this Court to find differently.

   The Bankruptcy Court did not abuse its discretion in arriving at the amount of fees and expenses to award as a compensatory contempt sanction.  The order of the Bankruptcy Court is AFFIRMED.

Date: May 26, 2023

                 Dale S. Fischer
                 United States District Judge